**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESI MANNING, | ) |
| | ) CIVIL ACTION NO: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LIVIA'S HOLDINGS, LLC, | ) |
| d/b/a SIDESTREET BAR & | ) |
| GRILL and the BACKYARD BAR, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Jesi Manning, through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Livia's Holdings, LLC, d/b/a Sidestreet Bar & Grill and the Backyard Bar, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, Title III of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADA"), 42 U.S.C. section 12101 *et seq*.

2. Jurisdiction over the Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, in that this District Court

for the Middle District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States, as well as pendent state claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit the Pennsylvania Human Relations Act, 43 P.S. § 951-963.

3.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff, Jesi Manning ("Ms. Manning"), is an adult individual residing in Dingmans Ferry, Pike County, Pennsylvania.

6.      Ms. Manning is legally blind and therefore has a disability, as defined by the ADA and the PHRA.

7.      As part of the treatment regimen for her disability, Ms. Manning utilizes a service animal, specifically a service dog named Rose ("Rose").

8.      Defendant, Livia's Holdings, LLC, d/b/a Sidestreet Bar & Grill and the Backyard Bar ("Defendant"), is a Pennsylvania limited liability corporation headquartered at 124 Dingmans Court, Dingmans Ferry, Pennsylvania.

9.    At all times material hereto, Defendant owned and operated the establishment located at 124 Dingman Ct., Dingmans Ferry, Pennsylvania 18328 ("Establishment").

10.    The Establishment is a public accommodation, pursuant to the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

11.    On or about July 9, 2024, Ms. Manning initiated a Charge of Discrimination with the Pennsylvania Human Relations Commission (the "PHRC") which was later formalized and docketed as Charge No. 202400033.

12.    All necessary and appropriate administrative prerequisites with regard to the PHRC have occurred.

## STATEMENT OF FACTS

13.    Ms. Manning is a member of protected classes of disability through both her blindness and her use of a Guide or Support Animal.

14.    Ms. Manning's disability substantially limits her ability to see.

15.    Ms. Manning utilizes the help of a trained service dog, Rose, who wears a Guide Harness and a Service Vest that openly displays the language, "GUIDE DOG.  DO NOT DISTRACT.  HANDLER IS BLIND."

16.    On or about April 19, 2024, Ms. Manning and a friend attempted to patronize Defendant's Establishment.

17. Upon entering Defendant's Establishment with Rose, who was wearing her Guide Harness and Service Vest, the manager, Lisa Iricarren, approached Ms. Manning and asked if Rose was a service dog or a therapy dog.

18. Ms. Manning responded affirmatively, "yes, a service dog."

19. Despite this clear, affirmative answer by Ms. Manning, Ms. Iricarren nonetheless proceeded to lecture Ms. Manning on the differences between a service dog and a therapy dog.

20. In turn, Ms. Manning offered to show Ms. Iricarren an ADA fact sheet and Rose's identification card from Rose's service animal training school, Pilot Dogs.

21. Ms. Iricarren nonetheless refused to acknowledge either of these documents offered by Ms. Manning and instead requested that Ms. Manning display a "red card," which Ms. Iricarren apparently believed would provide proof of Rose's service dog certification.

22. Ms. Iricarren refused Ms. Manning service on the basis of her service dog.

23. Ms. Manning then left the Establishment and contacted local law enforcement.

24. When local law enforcement offered no assistance to Ms. Manning, she returned to Defendant's Establishment and again attempted to enter.

25.    Ms. Iricarren again lectured Ms. Manning on the difference between service animals and therapy animals, stating: "A therapy dog we are not allowed to have in a restaurant.   If it's a service dog . . ."

26.    Ms. Manning replied, "She is a service dog.  It says blind on there.  I'm blind."

27.    Ms. Iricarren again denied Ms. Manning's service on the basis of the service dog, again violating her rights under the ADA and the PHRA.

28.    Subsequently, Ms. Manning and her mother contacted Defendant to complain about the denial of service and explain that said denial was in violation of Ms. Manning's rights under the ADA and the PHRA.

29.    Ms. Manning's mother offered to conduct a training seminar for Defendant on how to properly comply with the law.

30.    Defendant accepted this offer and invited Ms. Manning and her mother to meet with her at the Establishment, which meeting was scheduled for May 9, 2024.

31.    At the meeting on May 9, 2024, Ms. Manning's mother offered to assist Defendant by providing a seminar on the ADA and service dogs.

32.    While at this meeting, Ms. Manning attempted to sit down, however, due to her disability, she accidentally knocked over a chair.

33. In response to this, Defendant needlessly contacted local law enforcement, falsely accused Ms. Manning of throwing a chair, and barred Ms. Manning from readmittance to the Establishment.

34. Defendant's stated reason for barring Ms. Manning from the establishment was that Ms. Manning was a "fake" and that Rose was a "fake" and that Ms. Manning had purchased Rose's identification card from the online retailer, Amazon.

35. By calling law enforcement on Ms. Manning and her mother, Defendant engaged in retaliation in violation of the ADA and PHRA.

## COUNT I

### VIOLATIONS OF THE ADA
### *DISABILITY DISCRIMINATION*

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. Ms. Manning is within the protected class of individuals as designated by the ADA because she is a qualified individual with a disability.

38. As previously set forth above, Defendant refused service to Ms. Manning on the basis of her service animal.

39. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Ms. Manning on the basis of her disability, Ms. Manning has suffered non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

40.    Defendant's discrimination against Ms. Manning on the basis of her disability constitutes a violation of the ADA.

**WHEREFORE**, Plaintiff, Jesi Manning, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATIONS OF THE PHRA
### *DISABILITY DISCRIMINATION*

41.    All prior paragraphs are incorporated herein as if set forth fully below.

42.    This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

43.    Defendant violated the PHRA by maintaining a policy of refusing service to persons with guide and/or service animals.

44.    Upon information and belief, Defendant continues to maintain this policy in violation of the PHRA.

45.    As a direct and proximate result of the conduct of Defendant in violating the PHRA, Ms. Manning has been permanently and irreparably harmed, has suffered emotional distress and a loss of self-respect and confidence, and has been subjected to great damage to her standing in the community.

**WHEREFORE**, Plaintiff, Jesi Manning, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### VIOLATIONS OF THE ADA
### *RETALIATION*

46.    All prior paragraphs are incorporated herein as if set forth fully below.

47.    This is an action arising under the provisions of the ADA.

48.    Ms. Manning and her mother opposed Defendant's unlawful action and practice of barring disabled individuals with a Service Dog from entering the Establishment which is a public accommodation pursuant to the ADA.

49.    While Ms. Manning and her mother were opposing this unlawful action and practice, Defendant retaliated against Ms. Manning and her mother by calling law enforcement.

50.    This retaliatory action by the Defendant constitutes a violation of the ADA.

51.    Defendant's wanton and willful act of retaliation against Ms. Manning has caused her to suffer emotional distress and a loss of self-respect and confidence.

**WHEREFORE**, Plaintiff, Jesi Manning, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## **COUNT IV**

### **VIOLATIONS OF THE PHRA**
### *RETALIATION*

52.    All prior paragraphs are incorporated herein as set forth fully below.

53.    This is an action arising under the provisions under the PHRA and this Court has, and should exercise pendant jurisdiction over the same because the cause of action complained of in this County IV arises out of the same facts, events, and circumstances as Counts I & III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

54.    As set forth above, Defendant called law enforcement on Ms. Manning and her mother in retaliation for Ms. Manning and her mother opposing Defendant's unlawful action and practice of discriminating against disabled individuals who use a Service Dog.

55.    This retaliatory action by the Defendant against Ms. Manning has caused her to suffer emotional distress and a loss of Self-respect and confidence.

**WHEREFORE**, Plaintiff, Jesi Manning, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesi Manning, prays that this Honorable Court enter judgment in her favor and against Defendant, Livia's Holdings, LLC, d/b/a Sidestreet Bar & Grill and the Backyard Bar, and that it enter an order as follows:

a) Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of her disabilities, use of a service animal, and/or any basis prohibited under applicable federal and state law;

b) Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against patrons based on their disabilities and/or use of a service animal, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c) Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

d) Plaintiff is to be awarded interest on his monetary losses at the prevailing rate;

e) Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

h)    Plaintiff is to be granted such additional relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

i)    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

### **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: April 17, 2026

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/ Larry A. Weisberg
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

Counsel for Plaintiff